**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **MICHELLE EDLEY** | ) | |
| **4213 12th Road, South** | ) | |
| **Arlington, VA  22204** | ) | |
| | ) | |
| **Plaintiff** | ) | **Case No. 18-1553** |
| | ) | **Jury Trial Demand** |
| **v.** | ) | |
| | ) | |
| **NANCY A BERRYHILL** | ) | |
| **ACTING COMMISSIONER** | ) | |
| **SOCIAL SECURITY** | ) | |
| **ADMINISTRATION** | ) | |
| **5107 Leesburg Pike** | ) | |
| **Falls Church, VA  22041** | ) | |
| | ) | |
| **Defendant** | ) | |

## COMPLAINT

Plaintiff Michelle Edley, by and through counsel, hereby files this Complaint for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, against Defendant Nancy A. Berryhill, Acting Commissioner, Social Security Administration.

## Jurisdiction and Venue

1.      This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e *et seq.,* 29 U.S.C. § 633a and 29 U.S.C. § 2601 et seq..

2.      Plaintiff has exhausted all administrative remedies prior to filing suit.

3.      Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) in that all or some events or omissions giving rise to Plaintiff's claims occurred in this judicial district or Defendant may be found in this judicial district.

1

**Parties**

4.      Plaintiff Michelle Edley (hereinafter "Plaintiff" or "Ms. Edley") is an African American female.

5.      Defendant Nancy A. Berryhill (hereinafter "Defendant," "SSA" or the "Agency") is the Acting Commissioner of the Social Security Administration, an administrative agency of the United States government, and an "employer" within the meaning of the statutes under which Plaintiff brings her claims.

**Factual Allegations**

6.      Plaintiff Michelle Edley, is an African American female and former employee of the SSA.  Plaintiff Edley began employment with the SSA in 1986 and was promoted to the position of Supervisory Legal Assistant (SLA), GS 10 Step 10 in the Analytic Review and Oversight Office in May 2007, and she remained in this position until her termination in October 2017.  Plaintiff Edley reported to Wendy Swanson  from 2013 through January 2016, and she reported to Dale Greg Britton from 2016 until her termination in October 2017, and Mr. Britton reported to Roxy Rasey, Branch Chief from September 19, 2017 until Ms. Edley's termination.

7.      Plaintiff Edley was diagnosed with an anxiety disorder in early 2015.  This disability impacts her major life activities of thinking, remembering, concentrating, sleeping, eating, gastrointestinal disruptions, caring for herself and working. She informed her supervisors, Ms. Swanson and Mr. Britton in December 2015 and March 2016 respectively, and informed Ms. Rasey of her disability in September 2017.

8.     The anxiety disorder and stress of carrying out supervisory job duties caused Plaintiff Edley to request a reasonable accommodation of a lateral transfer to a non supervisory position in 2015-2016 and in 2017.

9.     After Plaintiff Edley disclosed her medical condition, SSA failed to engage her in the interactive reasonable accommodation process required under the Rehabilitation Act for federal employees.  During her employment at SSA, she was denied job opportunities, did not receive awards for high visibility assignments or advancements or development and support from the RMO as a supervisor in carrying out her duties.  Plaintiff Edley was treated less favorably in the workplace than her colleague, Leonard Winter, who was consistently selected for and granted career building and resume enhancing opportunities.

10.     Mr. Britton has known of Plaintiff Edley's disability since March 2016 when she disclosed her disability when she submitted documentation to support her request to utilize the Family and Medical Leave Act. After Plaintiff Edley's FMLA leave request was approved in June 2016, Mr. Britton began documenting all of her actions in the workplace, and appeared to be stalking her actions.  Between April and October 2016, Plaintiff Edley asked Mr. Britton for assistance to do her job successfully, but he refused to provide assistance.  He responded that Plaintiff Edley must "step up or step down" and she understood this to mean that she had to do her job or resign or quit.  As an accommodation, Plaintiff Edley requested to be moved to a non-supervisory position to reduce stress and anxiety.  Mr. Britton responded that there were no other positions with comparable salary available and denied her the opportunity to be reassigned to another position.  Plaintiff Edley believes that Mr. Britton was attempting to force her to resign or break down in her health.

11.     Unlike her colleagues who had not requested accommodations or engaged in protected activity, Plaintiff Edley was asked to respond immediately when Mr. Britton inquired about her whereabouts and how long she was away from her desk and to provide supporting documentation.   In addition, Mr. Britton's tone became accusatory toward Plaintiff Edley.   She was questioned about her whereabouts even when she went to the ladies' room or was elsewhere in the office working on a project.    Mr. Britton also questioned Plaintiff Edley regarding her medical appointment times and the duration, and she was singled out for this treatment.   The treatment created a hostile work environment which increased her anxiety level and exacerbated her disability, making it more difficult to work in the environment.

12.     Prior to Plaintiff Edley's request for an accommodation, Mr. Britton approved her request for advanced sick leave.   In 2017, Plaintiff Edley exhausted her leave and was placed in the positon of accruing sick leave to pay back leave that was advanced.   In July 2017, Plaintiff Edley requested advanced sick leave and Mr. Britton stated that he needed to check "upstairs" meaning senior management, and later responded that he was denying her request for advanced sick leave, and as a result she took leave without pay.   Plaintiff Edley applied for the Leave Donation program; however, Mr. Britton did not provide Plaintiff Edley with a response on whether she would be approved for the Leave Donation program.

13.     On May 23, 2017, Mr. Britton called Plaintiff Edley to his office and issued her a Notice of Proposed Removal.   He later rescinded the Notice and reissued another Notice of Proposed Removal on May 26, 2017.

14.     On June 30, 2017, Plaintiff Edley responded to the Notice of Proposal to Remove and denied many of the charges against her.

15.     On August 2, 2017, Plaintiff Edley's reasonable accommodation request was denied and she was placed on leave without pay.

16.     Ms. Edley was presented with a Last Chance Agreement (LCA) which required her to take a voluntary 2 grade demotion and waive all civil rights and merit system protections. Plaintiff Edley declined the LCA and was terminated on October 27, 2017.

17.     Plaintiff Edley filed an appeal with the MSPB which was dismissed as untimely after Plaintiff mailed the appeal to the former address of the MSPB.  Plaintiff Edley appealed the discrimination component of her EEO claim to the EEOC Office of Federal Operations in Washington, D.C., and that appeal was denied in May 2018.

18.     Plaintiff has exhausted all administrative remedies prior to filing suit.

## <u>Count I</u>
### Violation of Title VII of the Civil Rights Act of 1964, as amended
### 42 U.S.C. § 2000e *et seq.*
### *Race and Sex  Discrimination*

19.     Plaintiff incorporates by reference paragraphs 1 through 18 as if fully stated herein.

20.     Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's gender/sex.

21.     At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

22.     At all pertinent times, Plaintiff was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

23.     In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.*,
Defendant knowingly and intentionally subjected Plaintiff to discrimination by denying
her a reasonable accommodation for her anxiety disorder and terminating her employment,
while providing accommodations to Caucasian and male employees, under similar
circumstances.

31.     As a result of such acts, Plaintiff has suffered damages.


### Count II
### Violation of Title VII of the Civil Rights Act of 1964, as amended
### 42 U.S.C. § 2000e *et seq.*
### *Retaliation*

32.     Plaintiff incorporates by reference paragraphs 1 through 31as if fully stated herein.

33.     Title VII of the Civil Rights Act of 1964 states it is an unlawful employment
practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise
to discriminate against any individual with respect to his compensation, terms, conditions,
or privileges of employment, because such individual filed a complaint of discrimination.

34.     At all pertinent times, the Defendant was an employer subject to provisions of Title
VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

35.     At all pertinent times, Plaintiff was an employee entitled to protection under Title
VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

36.     In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.*,
Defendant knowingly and intentionally subjected Plaintiff to retaliation and created a
hostile work environment because she opposed a complaint of sexual harassment in the
workplace and requested a reasonable accommodation, by denying her a reasonable

accommodation for her anxiety disorder and terminating her employment, while providing accommodations to Caucasian and male employees, under similar circumstances.

### Count III

**Violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701-718**
**(Failure to Accommodate)**

Plaintiff Edley incorporates by reference paragraphs 1 through 36 as if fully stated herein.

37.     The Rehabilitation Act prohibits discrimination in employment based on disability. An employer discriminates against an employee based on disability when the employer fails to provide a qualified employee with a disability a reasonable accommodation for the disability.

38.     At all times relevant to this Complaint, Defendant was an employer subject to provisions of the Rehabilitation Act.

39.     At all times relevant to this Complaint, Plaintiff Edley was an employee entitled to protection under the Rehabilitation Act in that she was disabled and/or regarded disabled, and she was capable of performing the essential functions of her position.  Plaintiff Edley requested reasonable accommodation for her disability in the form of a lateral transfer to a non supervisory  Accordingly, Defendant was required to provide Plaintiff Edley a reasonable accommodation.

40.     In violation of the Rehabilitation Act, Defendant knowingly and intentionally engaged in unlawful discrimination based on Plaintiff Edley's disability by failing to accommodate her disability and failing to engage in an interactive process with Plaintiff Edley to determine an alternative reasonable accommodation.  Furthermore, rather than

accommodate Plaintiff Edley's disability, Defendant issued her a notice of proposed removal and terminated her from employment.

41.     Defendant would have suffered no undue hardship had it reasonably accommodated Plaintiff Edley's's disability.

42.     Defendant at all relevant times had actual and constructive knowledge of the conduct described above.

43.     As a result of such acts, Plaintiff Edley has suffered damages.

## Count IV

### Violation of the Family and Medical Leave Act (FMLA)
### 29 U.S.C. § 2601 et seq.

Plaintiff incorporates by reference paragraphs 1 through 44 as if fully stated herein.

44.     The Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. requires all employers, including public employers, of twenty or more employees to provide up to twelve weeks of unpaid family leave for the birth of a child, adoption or foster care or to care for a seriously ill family member and up to twelve weeks of unpaid medical leave to recover from a serious illness rendering the employee unable to work.

45.     At all pertinent times, Defendant SSA was an employer subject to provisions of Family and Medical Leave Act.

46.     At all pertinent times, Plaintiff Edley was an eligible employee entitled to invoke her rights under the Family and Medical Leave Act.

47.     The Family and Medical Leave Act prohibits an employer from denying or interfering with an employee her rights under this Act, and prohibits an employer from

discriminating against an employee because she requests FMLA leave or retaliating against an employee because she takes FMLA leave.

48.     In violation of the FMLA, Defendant SSA retaliated against Plaintiff Edley after she took FMLA by scrutinizing her whereabouts and medical appointments, and denying her request for a lateral transfer and terminating her employment.

49.     Defendant at all relevant times had actual and constructive knowledge of the conduct described above.

50.     Defendant had no legitimate business reason for any of such acts.

WHEREFORE, Plaintiff prays as follows:

A.     Issue a declaratory judgment that Defendant's practices toward Plaintiff were violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701-718 and the Family and Medical Leave Act,  29 U.S.C. § 2601 et seq.;

B.     Enjoin Defendant from discriminating against employees who report discriminatory practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.;

C.     Award Plaintiff damages, including back pay and front pay, and all lost benefits, and compensatory damages for emotional distress and hardship created by the Defendant's discrimination and retaliation;

D.     Award payment of all fees, costs, expenses, including attorneys' fees and expert fees;

E.      That the court enter judgment against the Defendant, enter a declaratory judgment that Defendant violated Plaintiff's rights under the FMLA; enjoin Defendant from further violations of the FMLA, order Defendant to reinstate Plaintiff to employment in a MDO position;

F.      That the court award to Plaintiff Edley damages in an amount equal to all of her accumulated lost wages and benefits, including back pay, front pay and benefits; compensatory and liquidated damages for the financial and emotional harm caused by defendant, including prejudgment and post-judgment interest and any other damages permitted under the  FMLA;

G.      That the court award Plaintiff Edley all benefits lost as a result of her termination from employment with the Defendant;

H.      That the court award payment of all fees, costs, expenses, including attorney's fees and expert fees; and

I.      That the Court award Plaintiff Edley such other relief as to which she may be deemed entitled.


                                        Respectfully submitted,


                                        _____
                                        David A. Branch #438764
                                        Law Office of David A. Branch &
                                        Associates, PLLC
                                        1828 L Street, NW #820
                                        Washington, DC 20036
                                        202.785.2805
                                        dablaw@erols.com

## **Jury Trial Demand**

Plaintiff demands a jury trial on all counts so triable.