UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHELLE EDLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-1553 (RBW) |
| ANDREW M. SAUL,[1] in his official capacity as the Commissioner of the Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

The plaintiff, Michelle Edley, brings this civil action against the defendant, Andrew M. Saul, in his official capacity as the Commissioner of the Social Security Administration, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e–17 (2018); the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. §§ 701–797 (2018); and the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. §§ 2601, 2611–2654. See Complaint ("Compl.") ¶¶ 19–50. Currently pending before the Court is the defendant's Motion to Dismiss ("Def.'s Mot."), which seeks the dismissal of the plaintiff's Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, to transfer this case to the Eastern District of Virginia in the interest of justice pursuant to 28 U.S.C. § 1406 (2018). Upon careful consideration of the parties' submissions,[2]

---

[1] The plaintiff filed suit against Nancy Berryhill in her official capacity as the Acting Commissioner of the Social Security Administration. Andrew M. Saul succeeded Berryhill as Commissioner and is therefore substituted as the defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the defendant's Memorandum in Support of Motion to Dismiss ("Def.'s Mem.") and (2) the Plaintiff's Memorandum of Points and Authorities in Response to Defendant's Motion to Dismiss ("Pl.'s Mem.").

the Court concludes that it must deny the defendant's request to dismiss for improper venue and grant the defendant's request to transfer this case to the Eastern District of Virginia.

## I. BACKGROUND

The following factual allegations are taken from the plaintiff's Complaint and are accepted as true for the purposes of resolving the defendant's motion, as required by Federal Rule of Civil Procedure 12(b)(3). The plaintiff, an African American female, was employed by the Social Security Administration as a "Supervisory Legal Assistant . . . in the Analytic Review and Oversight Office." Compl. ¶ 6. The plaintiff alleges that, in 2015, she "was diagnosed with an anxiety disorder . . . [that] impacts her major life activities of thinking, remembering, concentrating, sleeping, eating, . . . caring for herself[,] and working" and causes "gastrointestinal disruptions." Id. ¶ 7. The plaintiff contends that (1) "[a]fter [she] [ ] disclosed her medical condition [to her supervisor, Dale Britton], [the Social Security Administration] failed to engage [ ] in the interactive reasonable accommodation process required under the Rehabilitation Act," id. ¶ 9; (2) that "she was denied job opportunities[ ] [and] did not receive awards for high visibility assignments[,] [ ] advancements[,] or development and support from the [Resource Management Office] as a supervisor in carrying out her duties," id.; and (3) that she "was treated less favorably in the workplace than [one of] her colleague[s] . . . , who was consistently selected for and granted career building and resume enhancing opportunities," id. Specifically, the plaintiff claims that Britton "refused to provide [her with the] assistance" required to successfully perform her job, id. ¶ 10, and after requesting an accommodation, "Britton responded that there were no other positions with comparable salary available and denied her the opportunity to be reassigned to another position," id. Allegedly, Britton's treatment of the plaintiff "created a hostile work environment[,] which increased [the plaintiff's]

anxiety level and exacerbated her disability, making it more difficult to work in the environment." Id. ¶ 11. According to the plaintiff, on May 26, 2017, she received a Notice of Proposed Removal (the "Notice") from Britton, see id. ¶¶ 6, 13, and after disputing many of the charges alleged against her in the Notice, the plaintiff was denied her "reasonable accommodation request[,] . . . and [ ] was placed on leave without pay," id. ¶¶ 14–15. Thereafter, the plaintiff purportedly received and declined to accept "a Last Chance Agreement [ ][,] which required her to take a voluntary [two] grade demotion and waive all civil rights and merit system protections." Id. ¶ 16. Then, on October 27, 2017, the plaintiff's employment with the Social Security Administration was terminated, see id., and on June 28, 2018, she initiated this civil action, see id. at 1. On November 2, 2018, the defendant filed his motion to dismiss, see generally Def.'s Mot., which is the subject of this Memorandum Opinion.

## II. STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) authorizes a party to move for dismissal of a complaint for "improper venue." In considering a motion to dismiss for lack of proper venue under Rule 12(b)(3), a court must "accept[] the plaintiff['s] well-pled factual allegations regarding venue as true, . . . draws all reasonable inferences from those allegations in the plaintiff['s] favor, and . . . resolves any factual conflicts in the plaintiff['s] favor." Quarles v. Gen. Inv. & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003) (alterations in original) (citation and internal quotation marks omitted). In assessing a Rule 12(b)(3) motion, a court may "consider material outside of the pleadings." Taylor v. Shinseki, 13 F. Supp. 3d 81, 85 (D.D.C. 2014). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003) (citations omitted).

If a court determines that venue is improper in the district in which a case has been filed, it may either dismiss the case, "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to transfer or dismiss a case is committed to the discretion of the court where the suit was improperly filed. See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983). And, although a court may dismiss a case if the plaintiff's claim suffers from obvious substantive defects, see Buchanan v. Manley, 145 F.3d 386, 389 n.6 (D.C. Cir. 1998), the District of Columbia Circuit favors transfer "when procedural obstacles"—such as "lack of personal jurisdiction, improper venue and statute of limitations bars"—"'impede an expeditious and orderly adjudication . . . on the merits,'" Sinclair v. Kleindienst, 711 F.2d 291, 293–94 (D.C. Cir. 1983) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962)).

### III.    LEGAL ANALYSIS

The defendant argues that the Complaint in this case should be dismissed because the District of Columbia is an improper venue for the plaintiff's Title VII, Rehabilitation Act, and FMLA claims, see Def.'s Mem. at 4–6, or, in the alternative, that this case should be transferred to the Eastern District of Virginia in the interest of justice because "the facts establish that the Eastern District of Virginia is the judicial district in which this action should have been brought," id. at 5. Although the plaintiff, in her Complaint, alleges that "[v]enue is proper in this [C]ourt pursuant to 28 U.S.C. [§] 1391(b) in that all or some events or omissions giving rise to [her] claims occurred in this judicial district or [the] [d]efendant may be found in this judicial district," Compl. ¶ 3, she does not contest, in her opposition to the defendant's motion, that venue is improper in the District of Columbia, see generally Pl.'s Mem.

4

**A.     Motion to Dismiss the Plaintiff's FMLA Claim for Improper Venue**

Venue for claims arising under the FMLA is governed by the general venue statute codified at 28 U.S.C. § 1391.  See James v. Verizon Servs. Corp., 639 F. Supp. 2d 9, 15 (D.D.C. 2009) (stating, in an action brought against a private defendant, that "[v]enue for [ ] FMLA claim[s] is governed by the general venue [statute] codified at 28 U.S.C. § 1391(b)").  In this case, because the plaintiff's FMLA claim is brought against the defendant in his official capacity as the Commissioner of the Social Security Administration, subsection (e) of 28 U.S.C. § 1391 applies, which governs venue for actions in which a defendant is "an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States."  28 U.S.C. § 1391(e).  Under this subsection, a civil action may be brought in any judicial district in which (1) "a defendant in the action resides," (2) "a substantial part of the events or omissions giving rise to the claim occurred," or (3) "the plaintiff resides."  Id.

The Court finds that venue for the plaintiff's FMLA claim is proper in this district under the first provision of 28 U.S.C. § 1391(e) because, contrary to the defendant's assertion that "this case has no ties to th[is] [d]istrict," Def.'s Mem. at 5, the defendant "resides" in the District of Columbia, see Webster v. Mattis, 279 F. Supp. 3d 14, 19 (D.D.C. 2017) (internal quotation marks omitted) (citing Lamont v. Haig, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978)) (stating that for venue purposes, a federal officer "resides where he conducts [a significant amount of] his official duties").  Although the Social Security Administration's "headquarters are located [in] . . . Maryland," Def.'s Mem. at 5, "[o]fficers and agencies of the United States can have more than one residence, and venue can properly lie in more than one jurisdiction," Bartman v. Cheney, 827 F. Supp. 1, 2 (D.D.C. 1993), and there is nothing in the record indicating that the defendant performs a significant amount of his official duties in Maryland as opposed to the

5

District of Columbia. While acknowledging that the plaintiff "bears the burden of establishing that venue is proper," Sierra Club v. Johnson, 623 F. Supp. 2d 31, 34 (D.D.C. 2009) (quoting Varma v. Gutierrez, 421 F. Supp. 2d 110, 113 (D.D.C. 2006)), the Court finds that, based on case law, venue for the plaintiff's FMLA claim under the first provision of 28 U.S.C. § 1391(e) is proper either in this district or in the District of Maryland. See A.J. Taft Coal Co. v. Barnhart, 291 F. Supp. 2d 1290, 1307 (N.D. Ala. 2003) ("Because the Social Security Administration has principal offices in both the District of Columbia and Baltimore, Maryland, venue is proper in either district." (citation omitted)). Therefore, the Court must deny the defendant's motion to dismiss the plaintiff's FMLA claim based on the argument that this case was brought in an improper venue.

**B.     Motion to Dismiss the Plaintiff's Title VII and Rehabilitation Act Claims for Improper Venue**

While the general venue statute applies to the plaintiff's FMLA claim, venue for the plaintiff's Title VII and Rehabilitation Act claims are governed by Title VII's specific venue provisions articulated in 42 U.S.C. § 2000e–5(f)(3), which states that such claims may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practices are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

42 U.S.C. § 2000e–5(f)(3); see Valerino v. Holder, 20 F. Supp. 3d 203, 205 (D.D.C. 2013) ("Title VII includes [ ] specific venue provision[s], which . . . override[] any other venue provision governing actions in federal court."); Archuleta v. Sullivan, 725 F. Supp. 602, 604 (D.D.C. 1989) (citing 29 U.S.C. § 794a(a)(1)) ("The venue provisions of Title VII also apply to causes of action [that] are brought under the Rehabilitation Act[.]"). "Only if the defendant is

6

not found within any of the[] [first three judicial districts articulated in § 2000e–5(f)(3)] can a plaintiff rely on a fourth possible location—'the judicial district in which the respondent has his principal office.'" Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (quoting 42 U.S.C. § 2000e–5(f)(3)). "If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue [provisions] listed in 42 U.S.C. § 2000e–5(f)(3), venue is improper." James v. Booz–Allen & Hamilton, Inc., 227 F. Supp. 2d 16, 20 (D.D.C. 2002).

The Court agrees with the defendant that "[t]he District of Columbia is an improper venue for [the] [p]laintiff's Title VII and Rehabilitation Act claims," Def.'s Mem. at 5, because none of the provisions of 42 U.S.C. § 2000e–5(f)(3) authorizes venue in this district. Under the first provision of § 2000e–5(f)(3), "venue will be deemed to lie where a substantial part of the decisions or actions related to the [employment] practice occurred," Hamilton v. Transp. Sec. Admin., 263 F. Supp. 3d 317, 319 (D.D.C. 2016) (internal quotation marks and citation omitted), but this is not a case in which the alleged discriminatory actions were committed in the District of Columbia. Rather, the "events and omissions giv[ing] rise to [the] [p]laintiff['s] [ ] claims occurred in th[e] [Eastern District of Virginia]." Pl.'s Mem. at 2; see Def.'s Mem., Exhibit ("Ex.") A (Susan P. Martinelli Declaration ("Martinelli Decl.")) ¶ 5 ("At all relevant times, th[e] Office [of Analytics, Review and Oversight] was located at 5107 Leesburg Pike, Falls Church, Virginia."); see also id. at 5 ("[The] [p]laintiff and her supervisor[] worked in Falls Church, Virginia, which means that Falls Church, Virginia, is the location where the allegedly discriminatory practices occurred." (citation omitted)); id., Ex. A (Martinelli Decl.) ¶¶ 6–7 (stating that the plaintiff and Britton both worked in Falls Church, Virginia).

Venue also cannot be established in this district under the second or third provisions of § 2000e–5(f)(3) because the District of Columbia is neither "the judicial district in which the

employment records relevant to [the alleged unlawful practice] are maintained and administered" nor "the judicial district in which [the plaintiff] would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e–5(f)(3). According to the defendant, "[the] [p]laintiff's employment records were [ ] located in Falls Church, Virginia," Def.'s Mem. at 5 (citation omitted); id., Ex. A (Martinelli Decl.) ¶ 8 (stating that the plaintiff's "employment records were maintained by [the Social Security Administration's] servicing personnel office, Office of Human Resources, Center for Personnel, Payroll and Staffing, 5107 Leesburg Pike, Falls Church, Virginia 22041"), which the plaintiff does not dispute, see generally Pl.'s Mem. Moreover, the plaintiff, who worked in Falls Church, Virginia, see Def.'s Mem., Ex. A (Martinelli Decl.) ¶¶ 5–7 (stating that during her employment with the Office of Analytics, Review and Oversight, the plaintiff worked in Falls Church, Virginia), does not claim that she would have worked in the District of Columbia but for the alleged discrimination. And because, as "the [C]ourt's analysis of the first three [provisions] reveals that the plaintiff could properly assert venue in" the Eastern District of Virginia, Booz–Allen & Hamilton, Inc., 227 F. Supp. 2d at 24, the defendant can be found in that jurisdiction, see Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 278 (D.D.C. 2002) ("[B]y stating that . . . venue is proper in [ ] [another] [d]istrict, the defendants suggest that they may be found in that jurisdiction." (citation omitted)), which neither party seems to dispute, see generally Pl.'s Mem.; Def.'s Mem. Therefore, the plaintiff also cannot avail herself of the fourth provision of § 2000e–5(f)(3). See 42 U.S.C. § 2000e–5(f)(3); Booz–Allen & Hamilton, Inc., 227 F. Supp. 2d at 24 ("[T]he plaintiff may bring his Title VII action in the district where the defendant has its principal place of business only if the defendant cannot be found in any other districts where venue is appropriate." (emphasis added) (citing 42 U.S.C. § 2000e–5(f)(3))). And, even if the Court were to consider the fourth provision

8

of § 2000e–5(f)(3) in determining whether venue is proper in the District of Columbia, it nevertheless would conclude that this district is not the proper venue because the defendant's principal office is not located in the District of Columbia, but rather "in Baltimore, Maryland." Def.'s Mem. at 5; see id., Ex. A (Martinelli Decl.) ¶ 2 ("[The Social Security Administration's] headquarters are located [in] . . . Maryland."). Accordingly, the Court concludes that the District of Columbia is not the proper venue for the adjudication of the plaintiff's Title VII and Rehabilitation Act claims.[3]

## C.   Motion to Transfer Pursuant to 28 U.S.C. § 1406

The Court's conclusion that this district is an improper venue for the plaintiff's Title VII and Rehabilitation Act claims does not end its inquiry. Rather, the Court may either dismiss

---

[3] The Court notes that although the plaintiff does not request the Court to exercise its discretion to invoke the doctrine of pendent venue as a basis for concluding that her Title VII and Rehabilitation Act claims are properly venued in this district, even if the plaintiff had done so, such a request would nevertheless be denied because the application of that doctrine would be inappropriate in this case. Generally, a plaintiff must "demonstrate proper venue with respect to each cause of action and each [defendant]," Lamont, 590 F.2d at 1135 (emphasis added), but the doctrine of pendent venue allows district courts to "exercise their discretion to hear claims as to which venue is lacking if those claims arise out of a common nucleus of operative facts as the claims that are appropriately venued and the interest[] of judicial economy are furthered by hearing the claims together," Sierra Club, 623 F. Supp. 2d at 37 (emphasis in original) (citing Beattie v. United States, 756 F.2d 91, 102–03 (D.C. Cir. 1984), abrogated on other grounds by Smith v. United States, 507 U.S. 197 (1993)); see Reuber v. United States, 750 F.2d 1039, 1048 (D.C. Cir. 1984) ("[A] district court has wide discretion to refuse to hear a pendent claim." (citation and internal quotation marks omitted)), overruled on other grounds by Kauffman v. Anglo–Am. Sch. of Sofia, 28 F.3d 1223 (D.C. Cir. 1994). "However, that doctrine does not apply where . . . the improperly venued claims are subject to a specific venue statute." Yuanxing Liu v. Lynch, Civ. Action No. 14-01516 (APM), 2015 WL 9281580, at *3 (D.D.C. Dec. 8, 2015) (citation omitted); see Sierra Club, 623 F. Supp. 2d at 37 ("Where a special venue provision places venue in a specific district, such a provision controls venue for that claim, even where it arises from a common nucleus of operative fact as a properly situated claim." (citations omitted)). Here, as previously discussed, Title VII and Rehabilitation Act claims are subject to Title VII's specific venue provisions, and "[i]n enacting the special Title VII venue statute[,] Congress deliberately sought to limit the venues in which Title VII actions might be brought." Bartel v. FAA, 617 F. Supp. 190, 198 n.33 (D.D.C. 1985) (citations omitted). Therefore, "the application of the pendent venue doctrine is inconsistent with the Congressional intent manifested in Title VII"s specific venue provision[s]," Valerino, 20 F. Supp. 3d at 206 n.2 (citations omitted); McManus v. Washington Gas Light Co., Civ. Action No. 90-3169 (RCL), 1991 WL 222345, at *4 (D.D.C. Oct. 15, 1991) ("Congress has expressly limited the federal courts that can hear Title VII cases, and thus the exercise of a judge-made exception would fly in the face of clear Congressional will."), and "the Court lacks the authority to ignore the congressional intent to limit venue by finding pendent venue," Bartel, 617 F. Supp. at 198 n.33 (citations omitted). Accordingly, "[w]here, as here, Congress has clearly limited the scope of venue, the [C]ourt is compelled to abide by such restrictions," Jyachosky v. Winter, Civ. Action No. 04-01733(HHK), 2006 WL 1805607, at *4 n.3 (D.D.C. June 29, 2006), and despite the existence of venue in this district for the plaintiff's FMLA claim, the Court declines to exercise pendent venue over the plaintiff's Title VII and Rehabilitation Act claims.

these claims, "or if it be in the interest of justice, transfer [them] [ ] to any district or division in which [they] could have been brought." 28 U.S.C. § 1406(a). However, before making this decision, the Court must "decide as a preliminary matter that venue and jurisdiction would be proper as to [the] defendant[]" in the proposed transferee court. Sharp Elecs. Corp. v. Hayman Cash Register Co., 655 F.2d 1228, 1230 (D.C. Cir. 1981). Therefore, the Court will first address whether the plaintiff's Title VII and Rehabilitation Act claims "could have been brought" in the Eastern District of Virginia. 28 U.S.C. § 1406(a).

Clearly, venue is proper in the Eastern District of Virginia for each of the plaintiff's claims. The Eastern District of Virginia is a proper venue for the plaintiff's Title VII and Rehabilitation Act claims pursuant to the first provision of 42 U.S.C. § 2000e–5(f)(3) because the discriminatory acts alleged in the Complaint occurred in Falls Church, Virginia, which is within the jurisdiction of the Eastern District of Virginia. See Compl. ¶¶ 6–7, 9–11, 13–16; see also Pl.'s Mem. at 2 ("[The] events and omissions giv[ing] rise to [the] [p]laintiff['s] [ ] claims occurred in th[e] [Eastern District of Virginia]."); Def.'s Mem. at 5 ("[T]he events giving rise to [the] [p]laintiff's action . . . all arose in Virginia where [the] [p]laintiff and her supervisor[] worked."); Eastern District of Virginia Jurisdiction, E.D. Va., http://www.vaed.uscourts.gov/jury/jurisdiction.html (last visited July 17, 2019).[4] See generally 42 U.S.C. § 2000e–5(f)(3) (authorizing venue for Title VII and Rehabilitation Act claims "in any

---

[4] The Eastern District of Virginia is also a proper venue under the second and third provisions of § 2000e–5(f)(3) because "[the] [p]laintiff's employment records were [ ] located in Falls Church, Virginia," Def.'s Mem. at 5 (citation omitted); id., Ex. A (Martinelli Decl.) ¶ 8 (stating that the plaintiff's "employment records were maintained by [the Social Security Administration's] servicing personnel office, Office of Human Resources, Center for Personnel, Payroll and Staffing, 5107 Leesburg Pike, Falls Church, Virginia 22041"), and because the plaintiff worked in Falls Church, Virginia, see Def.'s Mem., Ex. A (Martinelli Decl.) ¶¶ 5–7 (stating that during her employment with the Office of Analytics, Review and Oversight, the plaintiff worked in Falls Church, Virginia). See generally 42 U.S.C. § 2000e–5(f)(3) (stating that venue would appropriate "in the judicial district in which the employment records relevant to such practices are maintained and administered" or "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice").

10

judicial district in the State in which the unlawful employment practice is alleged to have been committed"). And because the general venue statute that governs venue for FMLA claims contains a similar provision that authorizes venue "in any judicial district in which . . . a substantial part of the events or omissions giving rise to the claim occurred," 28 U.S.C. § 1391(e), venue for the plaintiff's FMLA claim is also appropriate in the Eastern District of Virginia despite it also being properly venued in this Court on the basis of the defendant's status as a District of Columbia resident, see id.[5]

Additionally, the Eastern District of Virginia can exercise personal jurisdiction over the defendant. The Social Security Administration, through its Office of Analytics, Review and Oversight, where the plaintiff worked, conducts business in Falls Church, Virginia, see Va. Code § 8.01-328.1 (2019) ("A court may exercise personal jurisdiction over a person . . . as to a cause of action arising from the person's . . . [t]ransacting any business in this Commonwealth."), and therefore "should reasonably anticipate being haled into court there," GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)); cf. Capital Bank Int'l Ltd. v. Citigroup, Inc., 276 F. Supp. 2d 72, 75 (D.D.C. 2003) ("[T]he exercise of personal jurisdiction must comply with constitutional due process[,] [which] . . . is satisfied when in personam jurisdiction is asserted over a nonresident corporate defendant that has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. These minimum contacts must be grounded in some act by which

---

[5] The Eastern District of Virginia is also a proper venue under the third provision of 28 U.S.C. § 1391(e) because the plaintiff resides in Arlington, Virginia, which is within the jurisdiction of the Eastern District of Virginia, see Compl. at 1; see also Eastern District of Virginia Jurisdiction, E.D. Va., http://www.vaed.uscourts.gov/jury/jurisdiction.html (last visited July 5, 2019). See generally 28 U.S.C. § 1391 (stating that venue for claims arising under the FMLA is proper in any judicial district in which "the plaintiff resides").

the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and privileges of its laws." (fifth alteration in original) (citations and internal quotation marks omitted)).

With the prerequisites of venue and personal jurisdiction being satisfied in the Eastern District of Virginia, the Court finds that, rather than dismissing the plaintiff's Title VII and Rehabilitation Act claims, it should transfer the plaintiff's entire case to the Eastern District of Virginia, the district where venue is proper for all of the plaintiff's claims, in the interest of justice for the following reasons.[6] First, "transferring all of the claims to the same forum assures that they will be heard together, preventing the unnecessary expenditure of judicial and party resources that would otherwise occur if the claims were heard in multiple judicial districts." Sierra Club, 623 F. Supp. 2d at 38. Second, as already noted, "all [of] the allegedly discriminatory actions occurred in Virginia," Def.'s Mem. at 6; see Pl.'s Mem. at 2 ("Venue is proper in the Eastern District Court of Virginia because the events and omissions giv[ing] rise to [the] [p]laintiff['s] [ ] claims occurred in that judicial district."), and convenience factors consequently weigh in favor of litigating this case in Eastern District of Virginia since "all the relevant witnesses, including [the] [p]laintiff, can be found in Virginia," Def.'s Mem. at 6. Third, this lawsuit has no discernible connection to the District of Columbia. See Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993) (instructing that "[c]ourts in this [C]ircuit must

---

[6] Such an approach is common in this Circuit. See, e.g., Sierra Club, 623 F. Supp. 2d at 38 n.4 ("Although two of [the] [p]laintiff's claim are otherwise subject to proper venue in the District of Columbia, courts in this district have consistently transferred an entire case to another judicial district, rather than bifurcate the litigation."); Khalil v. L-3 Commc'ns Titan Grp., 656 F. Supp. 2d 134, 137 (D.D.C. 2009) ("Given venue for [the plaintiff's] Title VII claim is proper in the Eastern District of Virginia, it is in the interest[] of justice and judicial efficiency to transfer all of [his] claims[, even the properly venued ones,] to that venue."); Munoz v. England, Civ. Action No. 05-2472 (CKK), 2006 WL 3361509, at *7 (D.D.C. Nov. 20, 2006) (transferring the plaintiff's entire case to the venue where his Title VII claim was proper despite venue being proper in this district for his ADEA claim, "rather than hav[ing] [his] claims separately considered in different venues"); Saran v. Harvey, Civ. Action No. 04-1847 (JDB), 2005 WL 1106347, at *4 (D.D.C. May 9, 2005) ("When venue is improper for a Title VII claim, courts have consistently transferred the entire case, pursuant to 28 U.S.C. § 1406(a), to a judicial district where venue is appropriate for all claims, rather than split a case apart.").

examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia," particularly when a plaintiff "bring[s] a suit here that properly should be pursued elsewhere" merely "[b]y naming high government officials as defendants").[7] Therefore, the Court will grant the defendant's motion to transfer this case to the Eastern District of Virginia.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that this district is an appropriate venue for the adjudication of the plaintiff's FMLA claim. However, the Court concludes that this district is not an appropriate venue for the adjudication of the plaintiff's Title VII and Rehabilitation Act claims. Instead of dismissing these claims on lack of venue grounds, the Court concludes that it is in the interest of justice to transfer them to the Eastern District of Virginia. Moreover, the Court concludes that, rather than bifurcating the litigation of this case by retaining the plaintiff's FMLA claim and transferring only her Title VII and Rehabilitation Act claims, the plaintiff's entire case will be transferred to the Eastern District of Virginia for the sake of judicial efficiency and conservation of the parties' resources. Accordingly, the Court grants in part and denies in part the defendant's motion to dismiss.

**SO ORDERED** this 18th day of July, 2019.[8]

REGGIE B. WALTON<br>
United States District Judge

---

[7] The Court notes that all of these reasons also support transferring this case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a) in light of both parties' consent. See Pl.'s Mem. at 1 ("[The] [p]laintiff [ ] consents to the . . . transfer [of] th[is] case to the Eastern District [ ] of Virginia in the interest of justice."); Def.'s Mem. at 6 ("[The] [d]efendant supports transferring the case to Virginia."); see also 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought or <u>to any district or division to which all parties have consented</u>." (emphasis added)).

[8] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.

13